IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL WOODS, JR.,

    Plaintiff,

v.

BAYER HEALTHCARE LLC,

    Defendant.

No. C 05-02871 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 19, 2006 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendant's motion for summary judgment.

The parties shall have 15 minutes to address the following questions:

1. In order to establish a prima facie case of discrimination, Plaintiff must demonstrate that he was qualified for the available position. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506 (1993). On what basis does Plaintiff contend that he had achieved the requisite eligibility in time and proficiency for Code 12 advancement? How does evidence of inconsistencies in the application of the exceptional circumstance exception in advancement indicate that the reason for denial of Plaintiff's request for advancement was based on his race?

2. Further, in order to establish a prima facie case of discrimination, Plaintiff must demonstrate that similarly situated individuals not in the protected class were treated more favorably. *St. Mary's*, 509 U.S. at 506. How does Plaintiff maintain that he was subjected to racism when two other African-Americans were advanced as exceptional cases in his department? How can Mr. Wong's shift be set aside as a representative sample?

3. How are any of the remarks complained of regarding Plaintiff's heart monitor or physical ailments related to his race? How are these comments indicative of a severely abusive or pervasively hostile working environment?

4. Is there evidence that the questionnaire (Ralston Declaration, Ex. I) was not before the EEOC? What authority does Bayer have to support its contention that the EEOC did not consider the underlying facts giving rise to Plaintiff's claims here?

5. What is the basis for Plaintiff's retaliation claim if the alleged failure to advance him occurred significantly before his alleged protected activity? Does Plaintiff maintain that his decision after medical leave not to return to Bayer after being offered "an appropriate position" constitutes an adverse employment action?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: May 18, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

2